**SCHAEFFER v. TRASCHER**

---

(June 20, 1927. Opinion and Decree.)
(October 4, 1927. Writ Granted by Supreme Court.)
(February 16, 1928. Reversed by Supreme Court. See 165 La. —, 115 So. 575.)

---

*(Syllabus by the Court)*

1. **Louisiana Digest—Marriage—Par. 173, 182.**
   A husband who effects a reconciliation with his wife is liable for a debt contracted by her for furniture to fit up a house for herself and her children for their separate maintenance during the pendency of a suit for separation from bed and board, when the furniture is of a kind and quantity commensurate with his station in life.

Appeal from Civil District Court, Division "C". Hon. E. K. Skinner, Judge.

Action by Joseph P. Schaeffer against Mr. and Mrs. John Trascher, Jr.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Daly & Hamlin, of New Orleans, attorneys for plaintiff, appellee.

Paul W. Maloney, of New Orleans, attorney for John Trascher, Jr., defendant, appellant.

WESTERFIELD, J. This is a suit by a furniture dealer against a husband and his wife for furniture, bought by the wife, during the pendency of a suit instituted by the wife against her husband for separation from bed and board.

From a judgment releasing the wife, and holding the husband responsible to plaintiff for the purchase price of the furniture, the husband appeals.

Mrs. Trascher, one of the defendants herein, for reasons she considered sufficient, left her husband, the other defendant, and went to live with a friend, meanwhile filing suit for separation from bed and board. While the suit was pending, or January 27, 1926, she bought a bill of furniture from plaintiff amounting to $799.50. This furniture was acquired in order to furnish a house known as 420 S. Broad street, which Mrs. Trascher

rented shortly after moving to her friend's home, because her friend could no longer accommodate her and her children. The furniture was delivered in due course and Mrs. Trascher and her children installed in the Broad street home. A rule for alimony in the separation proceedings was made absolute to the extent of allowing Mrs. Trascher $90.00 per month, which judgment her husband appealed from. On February 14, 1926, the Traschers were reconciled and Mr. Trascher divided his time between 420 S. Broad street, which was furnished with plaintiff's furniture, and 2007 Lafayette Avenue, the former matrimonial domicile. He insists that he did not sleep in the Broad street house, but we make no distinction in his favor, or otherwise, on that account. On March 16, 1926, the separate establishments of the Trascher's were consolidated in their former abode on Lafayette Avenue, and their interrupted conjugal relations restored to normal.

In the meantime the furniture which made the Broad street residence of Mrs. Trascher habitable for herself and children had not been paid for. To the request of plaintiff's credit man for payment Mrs. Trascher recited the changes which had taken place in her status, and expressed her inability to pay the bill, offering to return the furniture. The plaintiff refused to accept the furniture and suggested that Mr. Trascher might pay for it, since he had enjoyed the use of it for some time prior to the final restoration of their former establishment. Mr. Trascher declined to pay upon the ground that he had nothing to do with the purchase, which was made at a time his wife had left his home and was suing him for a separation, and that, so far as his using the furniture was concerned, he supposed his wife had rented a furnished house and

was not informed to the contrary until two days before their return to Lafayette street.

Counsel for plaintiff rests his case upon Articles 119 and 120 of the Civil Code and Gosserand vs. Monteleone, 159 La. 316.

The articles of the Code referred to proclaim the mutual obligation of husband and wife to each other of fidelity, support and assistance, and establish the husband's obligation to his wife "to receive her and to furnish her with whatever is required for the convenience of life, in proportion to his means and condition".

When Mrs. Trascher left Mr. Trascher she was possessed of no means whatever, and he provided her with none. She could not remain longer with her friend and must establish herself elsewhere. There is no proof that she could have obtained board elsewhere upon a basis resulting in greater economy besides she had no money to pay her board and perhaps could not have obtained credit. It is not suggested that the furniture was too expensive or extravagant for her husband's circumstances. In fact our knowledge of the present purchasing power of money inclines us to the view that the furniture must have been very modest and simple. Mr. Trascher was worth $48,000.00 according to the inventory of the community taken in the separation suit.

It is evident that the furniture was necessary and within the means of her husband. Does the fact that Mrs. Trascher was living apart from her husband and suing him for a separation alter the situation?

This question might at one time have been answered in the negative but, whatever the former state of our jurisprudence,

recent decisions have determined the question the other way.

We refer to Gosserand vs. Monteleone, 159 La. 316, 105 South. 356. In that case an attorney sued a husband for a fee due him for services rendered the wife in a suit against the husband for separation. The court reviews the conflicting jurisprudence and concludes as follows:

"We find therefore no sound reason in law or in morals why the husband should not pay a reasonable fee to the counsel for the services rendered."

In another part of the opinion the court says:

"The English rule which places the liability of the husband upon 'the ground that he is bound to furnish the wife with those things which were reasonably suitable and necessary to her fortune and station in life' to some extent supports our conclusion."

The court then calls attention to Article 119 and Article 120 of the Code relative to the obligations of the husband for necessaries.

In the case of Daly & Hamlin vs. Trasher, No. 28,179 S. C., decided March 28th, 1927, this present defendant was held liable for services rendered and money advanced his wife by her attorneys during the pendency of her suit for separation.

If, therefore, a husband is liable for attorney's fees due his wife's attorney for services rendered in an effort to dissolve the community and for money advanced the wife by her attorneys upon the ground that the services and money are necessaries, which he must provide, there is every reason supporting his liability for furniture bought by his wife as necessary to furnish an establishment for her and her children, particularly since the quality and quantity of such furniture appear most

modest and well within his station in life. There is another consideration. The husband in effecting a reconciliation with his wife made it impossible for her to pay, by preventing a division of the community, the only source from which she could reasonably expect funds, with which to satisfy her obligations incurred in an effort to dissolve the community.

If it be objected that this view would largely increase the responsibilities of a husband, because it adds to the facilities afforded dissatisfied and disgruntled wives, making separation easier and generally disturbing the matrimonial status quo, we reply that it is the business of husbands to please their wives, and they should not have dissatisfied or disgruntled wives. Besides, marriage, like the other two epochal events, birth and death, is notoriously expensive.

For the reason assigned the judgment appealed from is affirmed.